## CIRCUIT COURT OF ARLINGTON COUNTY

Arlington Ridge Road Associates

v.

American Realty Trust et al.

October 31, 1978

Case No. (Law) 18859

By JUDGE CHARLES S. RUSSELL

I have given careful consideration to the Motion made by Arlington Ridge Road Associates to bar American Realty Trust from denying certain allegations by operation of the doctrines of collateral estoppel and res judicata.

ARRA asserts that ART should be estopped from asserting certain contentions set forth in the pleadings because of the decision of the Honorable Richard Kellam in *Securities and Exchange Commission* v. *American Realty Trust*, 429 F. Supp. 1148, decided February 24, 1977. After carefully examining Judge Kellam's opinion, the briefs of counsel and the cases cited therein, I have concluded that ARRA's plea of res judicata and/or collateral estoppel should be overruled. The doctrine of res judicata is inapplicable since the cause of action in this case differs from that in the SEC case. In my view, the doctrine of collateral estoppel is likewise inapplicable here. The requisites for collateral estoppel are: (1) an earlier action which went to a valid and final personal judgment, (2) an issue of fact actually litigated in the earlier action, which was (3) essential to the decision of the earlier action, which was (4) between the same parties.

Requisite number (4) above, commonly called the doctrine of mutuality, has been largely eroded "when it is compellingly clear from the prior record that the party in the subsequent civil action against whom collate-

ral estoppel is asserted has fully and fairly litigated and lost an issue of fact which was essential to the prior judgment." *Bates* v. *Devers*, 214 Va. 667 (1974).

A careful reading of the *SEC* opinion discloses that the issues of fact sought to be barred by collateral estoppel in this case were neither actually litigated nor essential to the judgment rendered by Judge Kellam. This finding has the additional effect of reimposing the often-discarded mutuality requirement, the parties here being different from those in the *SEC* action.